UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL SISSON,

    Plaintiff,

v.

Case No. 18-cv-13766
Hon. Matthew F. Leitman

CHARTER COUNTY OF WAYNE,

    Defendant.

_____/

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 15)

In July 2018, Plaintiff Crystal Sisson unlawfully purchased marijuana from a medical marijuana dispensary in Detroit, Michigan. Shortly thereafter, a Wayne County Sherriff Deputy stopped Sisson's vehicle and cited Sisson (who did not have a medical marijuana card) for loitering in a place where narcotics are sold. The deputy also discovered a very small amount of marijuana in Sisson's vehicle. Based upon that discovery, the deputy seized Sisson's vehicle under a Michigan statute that subjects to civil forfeiture any vehicle that is used to transport controlled substances. The deputy also informed Sisson that she could contact the Wayne County Prosecutor's Office to contest the seizure or to settle the forfeiture proceedings. Sisson contacted the Prosecutor's Office, received an offer to settle the forfeiture

1

proceedings for $900, accepted the offer, paid the money, and had her vehicle returned to her.

In this action, Sisson alleges that she was the victim of Defendant Wayne County's policy of "routinely mak[ing] the same settlement offer to every forfeiture action as a matter of course in return for a set and standard monetary payment." (Am. Compl. ¶ 18, ECF No. 14, PageID.205.) She says that the County's "policy is to set the settlement amount at a level that encourages claimants to settle therefore guaranteeing a large majority will do so." (*Id.* ¶ 22.) And she claims that this policy violates the Excessive Fines Clause of the Eighth Amendment. (*See id.* ¶ 31.)

But Sisson has failed to show that the Eighth Amendment is implicated by a settlement agreement. And even if she had made that showing, her claim would still fail because she has failed to demonstrate that the terms of the settlement offered to her were so excessive as to violate the Eighth Amendment. For these reasons and those explained in more detail below, the Court **GRANTS** Wayne County's Motion to Dismiss Sisson's Amended Complaint (ECF No. 15).

# I

## A

On July 16, 2018, Sisson drove to Greenleaf Extended Care ("Greenleaf"), a medical marijuana dispensary located in the City of Detroit. (*See* Am. Compl. ¶¶ 7, 10, ECF No. 14, PageID.203.) Sisson entered Greenleaf and purchased $10 worth

of marijuana. (*See id.* ¶ 10.) Prior to Sisson's purchase, the City of Detroit had decriminalized the possession and use of small amounts of marijuana. (*See id.* ¶ 6.) However, the State of Michigan continued to prohibit such possession and use unless the user had a valid medical marijuana card. Sisson did not have such a card at the time of her purchase. (*See* Pl.'s First Resp., ECF No. 10, PageID.122.)

Wayne County Sheriff Deputies Sheri Tanner and Theodis Sims were conducting surveillance of Greenleaf at the time of Sisson's purchase. (*See* Am. Compl. ¶¶ 11–12, ECF No. 14, PageID.203–204.) After Sisson bought the marijuana from Greenleaf, she returned to her vehicle and started driving away. (*See id.* ¶ 10, PageID.203.) Shortly thereafter, Deputy Tanner performed a traffic stop on Sisson. (*See id.* ¶ 13, PageID.204.)

During the stop, Sisson admitted to Tanner that she bought marijuana from Greenleaf despite not having a medical marijuana card. (*See* Pl.'s First Resp., ECF No. 10, PageID.122.) Tanner then issued Sisson a citation for violating Detroit Ordinance § 38-11-6. (*See* Citation, ECF No. 7-2, PageID.42.) That ordinance prohibits "knowingly remain[ing] in any building, . . . store, . . . automobile, . . . or any other place where any controlled substance is illegally sold, dispensed, furnished, given away, stored, or kept with the intent to unlawfully use or possess." (Detroit Ordinance § 38-11-6, http://detroit-mi.elaws.us/code/coor_deco01_ch38_artxi_div1_sec38-11-6.)

3

After Tanner issued the citation to Sisson, she determined that Sisson's vehicle was subject to civil forfeiture under Mich. Comp. Laws § 333.7521(1)(d)[1] and seizure under Mich. Comp. Laws § 333.7522.[2] She then seized Sisson's vehicle and issued Sisson a "Vehicle Seizure Form." (*See* Vehicle Seizure Form, ECF No. 7-3.) The Vehicle Seizure Form told Sisson that:

> You are hereby notified the vehicle described above was seized and is subject to forfeiture pursuant to MCL 333.7521, et seq. for either 1) the sale, receipt, or transportation or the intended sale, receipt or transportation of narcotics; OR 2) the facilitation of a violation of the State's drug laws. If the owner decides to claim an interest in the vehicle s/he must contact the Wayne County Prosecutor's Office at (313) 224-8045 or (313) 967-6980 or (313) 224-5831 **AFTER 3 BUSINESS DAYS** but no longer than twenty (20) days of receiving this Notice of Seizure. The owner may contest the seizure <u>or if agreeable</u> by WCPO enter into a settlement agreement to re-claim the vehicle with the Vehicle Seizure Unit of the Wayne County Prosecutor's Office by appearing at 1441 St. Antoine, 12th Floor, Detroit, MI. The redemption fee for settlement of the vehicle will depend upon the facts and circumstances of the case. A towing and storage fee will also apply. **Failure to file a written notice of claim of interest within 20 days shall result in your loss of ownership of the vehicle and it being forfeited and**

---

[1] This statute provides that a vehicle "is subject to forfeiture" if it is used to "transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of [a controlled substance]." Mich. Comp. Laws § 333.7521(d).

[2] This statute provides, in relevant part, that where an officer has "probable cause to believe that the property was used or is intended to be used" to violate Michigan's drug laws, an officer may seize "without process" a vehicle that is subject to forfeiture under Mich. Comp. Laws § 333.7521. Mich. Comp. Laws § 333.7522.

4

>    **disposed of according to law.** This forfeiture action is separate from any other property that may have been seized for which you have received a civil notice of seizure and intent to forfeit and/or any related criminal proceeding.

(*Id.*, PageID.44; emphasis in original.)

Four days later, on July 20, 2018, Sisson entered into an agreement with the Wayne County Prosecutor's Office (the "WCPO") for the return of her vehicle (the "Settlement Agreement"). (*See* Am. Compl. ¶ 26, ECF No. 14, PageID.206[3]; Settlement Agreement, ECF No. 7-4, PageID.46.) Under the terms of the Settlement Agreement, Sisson paid the WCPO $900, and the WCPO agreed to have her vehicle returned and agreed not to commence formal civil forfeiture proceedings against the vehicle. (*See* Settlement Agreement, ECF No. 7-4, PageID.46.) Sisson also alleges that in order to secure the return of her vehicle, she had to pay $250 in towing and storage fees to the third party who towed her vehicle. (*See* Pl.'s Second Resp., ECF No. 18, PageID.260.)

On February 6, 2019, Sisson pleaded guilty in the 36th District Court of the State of Michigan to a misdemeanor drug charge.[4] (*See* Am. Compl. ¶ 27, ECF No.

---

[3] The Amended Complaint lists the date of the settlement as July 23, 2018 (*see* Am. Compl. ¶ 26, ECF No. 14, PageID.206), but the Settlement Agreement signed by Sisson is dated July 20, 2018. (*See* Settlement Agreement, ECF 7-4, PageID.46.)

[4] There is some confusion in the record as to the precise nature of Sisson's conviction. Deputy Tanner issued Sisson a citation for loitering in violation of

5

14, PageID.206; *see also* 36th District Court Docket, ECF No. 7-5, PageID.48.) She was sentenced to a $200 fine and a 30-day delayed sentence. (*See* Am. Compl. ¶ 27, ECF No. 14, PageID.206; 36th District Court Docket, ECF No. 7-5, PageID.48–51.) Sisson has paid her fine and completed the delayed sentence. (*See* 36th District Court Docket, ECF No. 7-5, PageID.48–51.)

**B**

Sisson originally filed this action on December 5, 2018. (*See* Compl., ECF No. 1.) She named as defendants Wayne County, the Wayne County Sheriff's Department, Wayne County Sheriff Benny N. Napoleon, and Wayne County Sheriff Deputies Tanner and Sims. In the Complaint, Sisson alleged that the Defendants violated the Eighth Amendment by implementing a policy "on first time vehicle

---

Detroit Ordinance § 38-11-6. (*See* Citation, ECF No. 7-2, PageID.42.) Both parties assert that Sisson pleaded guilty to that loitering charge. (*See* Pl.'s First Resp., ECF No. 10, PageID.123; Def.'s Second Mot. to Dismiss, ECF No. 15, PageID.224.) But the docket entry for Sisson's guilty plea says that Sisson pleaded guilty to possessing drug paraphernalia in violation of Detroit Ordinance § 38-11-22. (*See* 36th District Court Docket, ECF No. 7-5, PageID.48; Detroit Ordinance § 38-11-22, http://detroit-mi.elaws.us/code/coor_deco01_ch38_artxi_div2_sec38-11-22.) There is no indication in the state-court docket, however, that Sisson's charge was altered from loitering to possession of drug paraphernalia. The distinction between the two charges is ultimately irrelevant, however, because both offenses carry the same maximum exposure: a $500 fine and 90 days imprisonment. *See* Detroit Ordinance § 38-11-7(a), http://detroit-mi.elaws.us/code/coor_deco01_ch38_artxi_div1_sec38-11-7 (setting the maximum punishment for violating, among other ordinances, § 38-11-6); Detroit Ordinance § 38-11-30, http://detroit-mi.elaws.us/code/coor_deco01_ch38_artxi_div2_sec38-11-30 (setting the maximum punishment for violating, among other ordinances, § 38-11-22).

seizures of this nature whereby they will settle the forfeiture action in return for a set and standard monetary payment. If the payment is not made and therefore a settlement is not reached, the Wayne County Prosecuting Attorney would proceed with the institution of forfeiture proceedings in the Wayne County Circuit Court." (Compl. ¶ 21, ECF No. 1, PageID.4.) The Defendants filed a motion to dismiss on April 5, 2019. (*See* First Mot. to Dismiss, ECF No. 7.) The Court held a hearing on Defendants' First Motion to Dismiss on October 4, 2019. After the hearing, the Court granted Defendants' motion, dismissed Sisson's Complaint without prejudice, and allowed Sisson to file an Amended Complaint. (*See* Order, ECF No. 13.)

Sisson filed an Amended Complaint on November 22, 2019. (*See* Am. Compl., ECF No. 14.) Wayne County is the sole Defendant named in the Amended Complaint. (*See id.*, PageID.202.) Sisson again alleges that she was the victim of an unconstitutional policy:

> 17. Wayne County created and exercises a policy on first time vehicle seizures of this nature.
>
> 18. Wayne County's policy is comprised of their practice to routinely make the same settlement offer to every forfeiture action as a matter of course in return for a set and standard monetary payment.
>
> 19. Wayne County does not negotiate each claim, asserting a "take it or leave it" settlement offer.
>
> 20. If the settlement offer is not accepted, the Wayne County Prosecuting Attorney would proceed with the institution of forfeiture proceedings in the Wayne County

7

> Circuit Court thereby depriving the claimant of their vehicle until resolution.
>
> 21. An overwhelming majority of claimants whose vehicles were seized under Wayne County's policy are dependent upon their vehicles for life's basic necessities including work, education, and childcare and therefore agree to Wayne County's settlement offer.
>
> 22. Wayne County's custom and policy is to set the settlement amount at a level that encourages claimants to settle therefore guaranteeing a large majority will do so.
>
> 23. Wayne County has been engaged in this policy and practice for over a decade, perhaps multiple decades, and therefore relies upon the expected revenue which encourages the activities that create their vehicle forfeiture practice.
>
> 24. Wayne County's custom and policy of vehicle forfeiture knowingly demonstrates a clear and consistent pattern of illegal activity.
>
> 25. Wayne County's policy is further illustrated in their Vehicle Seizure Form which was served upon Plaintiff and all similarly situated claimants. The form is a true and accurate representation of the form utilized in every vehicle seizure in Wayne County.

(*Id.* ¶¶ 17–25, PageID.205–206; emphasis omitted; citations omitted.) Sisson alleges that Wayne County applied this policy to her when it seized her vehicle and offered to settle the forfeiture proceedings for its standard amount of $900. (*See id.* ¶ 31, PageID.207.) She contends that the County's application of this policy violated her right under the Eighth Amendment to be free from excessive fines. (*See id.* ¶¶ 31–32.)

8

Wayne County filed a Motion to Dismiss Sisson's Amended Complaint on January 13, 2020.[5] (*See* Mot. to Dismiss Am. Compl., ECF No. 15.) The Court held an on-the-record hearing on Wayne County's motion on May 4, 2020.

## II

Wayne County moves to dismiss Sisson's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss" under that rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id.* When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Mere "conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A plaintiff must therefore provide "more than labels and conclusions," or "a

---

[5] Wayne County also moved, in the alternative, for summary judgment. (*See* Second Mot. to Dismiss, ECF No. 15.) Because the Court concludes that Sisson fails to state a claim for an Eighth Amendment violation, the Court dismisses her claims under Federal Rule of Civil Procedure Rule 12(b)(6).

9

formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III

The Court dismisses Sisson's Amended Complaint because Sisson does not adequately plead that Wayne County imposed an excessive fine upon her in violation of the Eighth Amendment.

### A

To begin, Sisson has not shown that the Excessive Fines Clause of the Eighth Amendment applies to the circumstances alleged in the Amended Complaint. The Clause provides that "excessive fines" shall not be "imposed." U.S. Const. amend. VIII. While the Clause applies to completed civil forfeitures by state and local governments that are at least partially punitive in nature, *see Timbs v. Indiana*, __ U.S. __, 139 S. Ct. 682, 689–91 (2019), Sisson has not cited any authority to support her claim that the Clause applies to settlement offers, settlement negotiations, and/or accepted settlements. And while there may be some theory under which a settlement could be deemed to constitute a "fine," Sisson neither developed nor presented such a theory in her briefing or oral argument. Simply put, on the record and the arguments made here, Sisson has failed to persuade the Court that the Excessive

Fines Clause applies to her decision to settle the forfeiture proceedings with Wayne County.[6]

**B**

Even if the Excessive Fines Clause did apply to Sisson's decision to settle with Wayne County, Sisson's claim would still fail. A civil forfeiture that is at least partly punitive in nature violates the Excessive Fines Clause "if it is *grossly disproportionate* to the gravity of a defendant's offense." *Ross v. Duggan*, 402 F.3d 575, 588–89 (6th Cir. 2004) (emphasis in original) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)). The parties agree that the Court should consider four factors when evaluating whether a forfeiture was grossly disproportional: "(1) the amount of the forfeiture and its relationship to the authorized penalty; (2) the nature and extent of the criminal activity; (3) the relationship between the crime charged and other crimes; and (4) the harm caused by the charged crime." *United States v. Bates*, 784 F. App'x 312, 340–41 (6th Cir. 2019) (quotation marks omitted) (quoting *United States v. Jalaram, Inc.*, 599 F.3d

---

[6] At one point, Sisson alleges that "the forfeiture of [her] vehicle" violated the Eighth Amendment. (Am Compl. ¶ 31, ECF No. 14, PageID.207.) But her own allegations make clear that there was no actual civil forfeiture because she paid a settlement amount that avoided the commencement of civil forfeiture proceedings.

11

347, 355–56 (4th Cir. 2010)).[7] Sisson has not shown that under these four factors, the settlement amount here was grossly disproportionate.

First, Sisson has not shown that the settlement amount unreasonably exceeded the authorized penalty. Sisson paid $900 to settle the forfeiture proceedings. That amount is roughly double the authorized fine of $500 for her offense. *See* Detroit Ordinance § 38-11-7(a), http://detroit-mi.elaws.us/code/coor_deco01_ch38_artxi_div1_sec38-11-7. Sisson has not cited any case in which any court has held that a civil forfeiture that is approximately two times higher than the authorized criminal fine is unreasonably high in relation to the penalty for that offense. Moreover, based upon Sisson's possession of marijuana, she would have been subject to a fine of $2,000 if she had been prosecuted under Michigan state law at the time, *see* Mich. Comp. Laws § 333.7403(2)(d), and her settlement amount was less than that potential fine. This further confirms that the settlement amount was not grossly disproportional in relation to the possible penalties.[8] And while Sisson complains that she also had to pay $250 in towing and

---

[7] Although *Bates* is an unpublished Sixth Circuit decision in a criminal case, both parties agreed during the hearing on Wayne County's Motion to Dismiss Sisson's Amended Complaint that *Bates* articulates the governing test here.

[8] Wayne County directed the Court to authority holding that when a court assesses the constitutionality of a forfeiture, it may consider criminal conduct that, while connected to the conduct directly giving rise to the forfeiture, did not result in formal charges. (*See* Wayne County's Second Mot. to Dismiss, ECF No. 15, PageID.231–

storage charges to a third party to secure the return of her vehicle, "the imposition of a reasonable administrative penalty plus towing and storage fees in connection with the release of a lawfully impounded vehicle does not transgress the Excessive Fines Clause." *Ross*, 402 F.3d at 589.

Second, Sisson has not demonstrated that the settlement amount was excessive in relation to the nature and extent of her criminal activity. While her loitering in a marijuana dispensary and her purchase, possession, and transportation of a very small amount of marijuana were not serious crimes, her settlement amount was not high. Indeed, during the hearing on Wayne County's Motion to Dismiss Sisson's Amended Complaint, Sisson complained that the problem with the settlement amount was that it was too *low* – that she could not reasonably pass up the opportunity to obtain the prompt return of her vehicle at the amount proposed by Wayne County. Under these circumstances, the settlement amount was not unreasonably high in relation to Sisson's criminal activity.

Third, from the face of Sisson's Amended Complaint, it does not appear that her isolated criminal conduct bore any meaningful relationship to other serious

---

232; citing *United States v. Six Negotiable Checks in Various Denominations Totaling $191,671.69*, 389 F. Supp. 2d 813, 825 (E.D. Mich. 2005); *United States v. Sims' Pers. Prop.*, No. 12-332, 2013 WL 4460320 (E.D.N.C. Aug. 20, 2013).) Sisson has not cited any authority to the contrary and did not dispute this proposition when asked about it during the hearing on Wayne County's Motion to Dismiss her Amended Complaint.

criminal activity, and thus this factor would weigh against imposition of a substantial forfeiture. But, as noted above, Sisson has failed to show that the settlement amount was too high – again, during the hearing she complained that it was too low – and thus this factor does not ultimately support the conclusion that the settlement amount was excessive.

Finally, while the harm from Sisson's minor criminal activity was not severe, the Court once again notes that the settlement amount was not high. Thus, this factor does not support a finding that the amount was unconstitutionally excessive.

In sum, after balancing the four relevant factors, the Court concludes that Sisson has failed to show that the settlement amount here was excessive. Sisson's Eighth Amendment claim thus fails as a matter of law. The Court wishes to stress, however, that its holding here is strictly limited to the allegations and arguments presented by Sisson. She has not cited any case in which any court has held that a forfeiture amount or value roughly equal to the settlement amount at issue here violated the Excessive Fines Clause. Indeed, she cited only a single case in support of her claim – *United States v. Bajakajian*, 524 U.S. 321 (1998). (*See* Pl.'s Second Resp., ECF No. 18, PageID.260.) But the Government's effort to forfeit $357,144 in that case for a currency-reporting violation bares scant resemblance to the settlement negotiations and settlement amount here. It may be possible to present an argument – supported by case law – as to how the settlement amount here

14

constituted an excessive fine based upon the circumstances faced by Sisson. But Sisson has not done so.

### IV

For the reasons explained above, the Court **GRANTS** Wayne County's Motion to Dismiss Sisson's Amended Complaint (ECF No. 15). Sisson's Amended Complaint (ECF No. 14) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 20, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764